UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**PATRICK GUILLORY, JR.**            **CIVIL ACTION NO. 6:14-cv-1008**
    **LA. DOC #587254**

**VS.**                                                        **SECTION P**

                                                                                          **JUDGE DOHERTY**

**WARDEN LOUISIANA STATE**           **MAGISTRATE JUDGE HILL**
**PENITENTIARY**

## REPORT AND RECOMMENDATION

*Pro se* petitioner Patrick Guillory, Jr. filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on May 16, 2014.  Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Petitioner attacks his July 18, 2011 conviction for attempted second degree murder for which he was sentenced on December 5, 2011 to forty years imprisonment by the Fifteenth Judicial District Court for Acadia Parish, Louisiana.

This matter has been referred to the undersigned for initial review, report, and recommendation pursuant to 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner was charged with attempted murder, home invasion, aggravated battery and violation of a protective order. On July 18, 2011, petitioner pled guilty to attempted

1

murder and the remaining charges were apparently dismissed. Following a pre-sentence investigation, on December 5, 2011, petitioner was sentenced to serve forty years imprisonment.

Petitioner did not directly appeal his conviction.

Petitioner filed an Application for State Post-Conviction relief on October 9, 2012, in which he raised a single claim for relief: that petitioner was not properly advised of his right to trial by jury prior to acceptance of his guilty plea, thereby rendering the guilty plea invalid. On May 8, 2013, the Application was denied. In denying relief, the trial court held as follows:

> Petitioner contends that the Court failed to specifically inform him during the *Boykin* Colloquy of his right to a trial *by jury* which rendered his guilty plea constitutionally defective under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The transcript of the colloquy reveals that although the Court informed Guillory of his right to a trial, the Court did not advise him of his right to a *jury* trial at the time that he entered his plea. *State v. Santiago,* 416 So.2d 524 (La. 1982), held constitutionally invalid a guilty plea in which the record showed a waiver of the right to trial, but failed to show a waiver of the right to trial by *jury*.
>
> In determining whether a defendant understood his rights and validly waived them, the courts may look beyond the guilty plea colloquy to an expanded record to determine whether a voluntary waiver of rights occurred. *State v. Dunn*, 390 So.2d 525 (La. 1980). In that case, the Louisiana Supreme Court held that a plea of guilty form may be considered in determining whether defendant was adequately informed of his constitutional rights and made an express and knowing waiver of those rights.
>
> Prior to his *Boykinization*, Guillory signed a plea form that states that he is giving up his "right to have a trial by a judge or a jury of 12 jurors; 10 of whom must agree as to [his] guilt to convict." During the colloquy, the Court questioned Guillory about his ability to understand the plea form. The Court determined that he could read and write, and specifically asked him, "Did you read and did you understand the plea form you signed" to which Guillory replied, "Yes, sir." The

> Court further asked if his attorney had gone over the plea form with him and answered all his questions, to which Guillory replied in the affirmative.
>
> The record shows that the defendant was adequately informed of his rights and that he made an express and knowing waiver of those rights.

[Doc. 7, pp. 34-35 (emphasis in original)]

Petitioner sought writs in the Louisiana Third Circuit Court of Appeal. The writ application was denied by the Third Circuit on September 24, 2013, the Court finding "no error in the trial court's ruling." [Doc. 7, pg. 43, *State v. Guillory*, KH-13-0634 (La. App. 3rd Cir. 9/24/13)].

Petitioner sought writs in the Louisiana Supreme Court. The Louisiana Supreme Court denied writs without comment on May 2, 2014. *State of Louisiana ex rel. Patrick Guillory, Jr. v. State of Louisiana*, 2013-KH-2386, 138 So.3d 1243 (La. 5/2/2014).

Petitioner signed the instant federal *habeas corpus* petition on May 15, 2014 and it was received and filed by the Clerk of this Court on May 16, 2014. Petitioner asserts the same claim he raised in his State post-conviction proceedings: that petitioner was not properly advised of his right to trial by jury prior to acceptance of his guilty plea, thereby rendering the guilty plea invalid.

## **LAW AND ANALYSIS**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary

3

dismissal and cause the petitioner to be notified." *See also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) *citing* Rule 4, Advisory Committee Notes ("The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'").

Based upon the court's review of the pleadings and exhibits attached thereto, it is recommended that the petition be summarily **DISMISSED WITH PREJUDICE.**

***Standard of Review***

The standard of review is set forth in 28 U.S.C. § 2254(d), as amended in 1996 by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Knox v. Johnson,* 224 F.3d 470, 476 (5th Cir. 2000); *Orman v. Cain,* 228 F.3d 616, 619 (5th Cir. 2000).[1] AEDPA substantially restricts the scope of federal review of state criminal court proceedings in the interests of federalism, comity and finality of judgments. *Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000) *citing Teague v. Lane,* 489 U.S. 288, 306, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) and *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495,

---

[1] Before enactment of AEDPA, "a federal court entertaining a state prisoner's application for *habeas* relief . . . exercise[d] its independent judgment when deciding both questions of constitutional law and mixed constitutional questions (i.e., application of constitutional law to fact). In other words, a federal *habeas* court owed no deference to a state court's resolution of such questions of law or mixed questions." *Montoya ,* 226 F.3d at 403-04  *citing Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1516, 146 L.Ed.2d 389 (2000) and 28 U.S.C. S 2254(d) (West 1994).

1516, 146 L.Ed.2d 389 (2000)[2] (noting that AEDPA "placed a new restriction on the power of federal courts to grant writs of *habeas corpus* to state prisoners").

Title 28 U.S.C. § 2254(d) as amended, states as follows:

**(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

**(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

**(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the deferential scheme of § 2254(d), as amended, this Court must give deference to a state court decision for "any claim that was adjudicated on the merits in State court proceedings" unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A *habeas* petitioner has the burden under AEDPA to prove that he is entitled to relief. *Ormon*, 228 F.3d at 619 *citing Williams,* 120 S.Ct. at 1518, and *Engle v. Isaac*,

---

[2] Justice O'Connor delivered the opinion of the Court with respect to the standard of review, while Justice Stevens delivered the opinion of the Court with respect to other aspects of the opinion which have no bearing on the issues herein. Accordingly, the undersigned will refer to Justice Steven's opinion as a concurring opinion.

456 U.S. 107, 134-35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Under § 2254(d), as amended, "[t]he federal courts no longer have a roving commission to discern and 'correct' error in state court proceedings, but must exercise a more limited review . . . ." *Grandison v. Corcoran*, 78 F.Supp.2d 499, 502 (D. Md. 2000). Federal courts may not grant the writ merely on a finding of error by a state court or on a finding of mere disagreement with the state court. *Montoya,* 226 F.3d at 404; *Orman,* 228 F.3d at 619.

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) *citing Williams,* 120 S.Ct. at 1523; *Montoya,* 226 F.3d at 403-04 *citing Williams*, 120 S.Ct. at 1523. "The 'contrary to' requirement 'refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision.'" *Dowthitt,* 230 F.3d at 740 *citing Williams*, 120 S.Ct. at 1523.

Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt,* 230 F.3d at 741 *citing Williams,* 120 S.Ct. at 1523. The standard is one of objective reasonableness. *Montoya,* 226 F.3d at 404 *citing Williams,* 120 S.Ct. at 1521-22. A federal *habeas* court may not issue the writ "simply because that

6

court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . [r]ather, that application must also be unreasonable." *Williams,* 120 S.Ct. at 1522.

Section 2254(d)(2) speaks to factual determinations made by the state courts. *Dowthitt,* 230 F.3d at 741. Federal *habeas* courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence. *Id.* Thus, this court must defer to the state court's decision unless it was based on an unreasonable determination of the facts in light of the record of the state court proceeding. *Id. citing* 28 U.S.C. § 2254(d)(2); *Knox,* 224 F.3d at 476 *citing Chambers v. Johnson,* 218 F.3d 360, 363 (5th Cir. 2000).

**I. Validity of Petitioner's Guilty Plea**

Petitioner argues that his July 18, 2011 guilty plea was not free and voluntary because the trial judge neglected to advise him that by pleading guilty he was waiving his right to trial by jury. Under the appropriate standard of review, the state court's decision was not contrary to, or an unreasonable application of, federal law, nor were the state court's factual determinations unreasonable in light of the State court record. Accordingly, federal *habeas* relief cannot be granted.

Petitioner has provided the Court a complete transcript of his July 18, 2011 plea colloquy and the "Plea of Guilty and Waiver of Rights" form signed by petitioner on the day his guilty plea was accepted by the Court. [Doc. 7, pgs. 6-13 and 5].

The "Plea of Guilty and Waiver of Rights" form individually and expressly lists each right that petitioner possessed, contains an acknowledgment that petitioner had been informed of, and understood these rights, and that by pleading guilty, petitioner would waive these rights. More specifically, as noted by the state trial court, the "Plea of Guilty and Waiver of Rights" form expressly advised petitioner that by pleading guilty he would waive his "right to have a trial by a judge or a jury of 12 jurors: 10 of whom must agree as to [his] guilt in order to convict." [Doc. 7, pg. 5].

As further found by the state trial court, the plea transcript reveals that prior to accepting petitioner's plea, the trial court ascertained that petitioner had progressed through the 9th grade, had obtained his GED and that he could read, write and understand the English language. [Doc. 7 at pg. 7].

Moreover, as noted by the state trial court, the court also verified that petitioner had read and understood the plea form signed by him and that petitioner's counsel had gone over the plea form with petitioner and answered all of petitioner's questions. Petitioner admitted, while under oath, that he had read and understood the plea form and that he had discussed the form with his counsel who answered all of his questions about the form. Petitioner additionally admitted that he was satisfied with the time and advice his counsel had given. [*Id*. at pg. 7-8].

Thereafter, the court engaged in the following colloquy with the petitioner:

> Q. Mr. Guillory, when you enter this plea you're giving up
> certain constitutional rights and statutory rights, the first of

8

> which is the right to a trial. . . . You have the absolute right to go to trial on this charge. But by entering this plea you give up and waive your right to a trial. Do you understand that?
> A. Yes, sir.
> Q. . . . If you plead not guilty and go to trial, you have the right at trial not to take the witness stand. You can remain silent, and no presumption can arise from your failure to testify. But by entering this plea you're giving up your privilege against self-incrimination. Do you understand that?
> A. Yes, sir.
> Q. You also have the right to confront your accusers. What that means is that if you go to trial, in order for you to be convicted, the State would have to prove your guilt of this crime beyond a reasonable doubt. You and your lawyer would have the right to question and cross-examine the State's witnesses. But by entering this plea you now give up and waive that right. Do you understand that?
> A. Yes, sir.
> Q. You also have the right to have your own witnesses heard at the trial. . . . You give up that right by entering this plea. Do you understand that?
> A. Yes, sir.
> Q. You have the right to a lawyer throughout the trial and even on appeal. . . . Do you understand that?
> A. Yes, sir.

[Doc. 7, pgs. 8-9].

Petitioner additionally acknowledged that under his plea agreement, he was to plead guilty to second degree murder, which is punishable by imprisonment at hard labor for not more than fifty years and that petitioner would be sentenced within that range after the submission of a pre-sentence investigation report. [*Id.* at pg. 10].

Petitioner also advised the court that his guilty plea was voluntary and that no coercion, promises or threats had been made in exchange for his guilty plea. [*Id.* at pg.

9

10]. Finally, petitioner also admitted the factual basis for his plea, that is, that he had chased a woman with a gun, had shot her and that he was, in fact, guilty of attempted second degree murder. [*Id.* at pg. 10-11].

Petitioner is correct in his assertion that the plea transcript reflects no instance where the trial judge specifically informed him of his right to "trial by jury." However, that fact is not dispositive in this case. The transcript, taken as a whole, along with the entire record before this court, including the "Plea of Guilty and Waiver of Rights" form signed by petitioner in connection with his plea, clearly establish that petitioner's plea was knowingly, intelligently and voluntarily entered.

A court may not accept a guilty plea unless the defendant enters the plea voluntarily and with a complete understanding of the nature of the charge and the consequences of his plea. This standard is rooted in the due process clause of the Constitution. *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) *citing McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441 (1970) and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). A federal *habeas* court will uphold a guilty plea if the "defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so . . . ." *DeVille v. Whitley,* 21 F.3d 654, 657 (5th Cir. 1994) *citing Frank,* 646 F.2d at 882. State courts are not constitutionally bound to follow federal plea procedures; thus, the procedures set forth in Rule 11 of the Federal Rules of Criminal Procedure are not binding on the states.

*Frank*, 646 F.2d at 882; *DeVille*, 21 F.3d at 658 fn 2. The plea need only satisfy due process standards. *Id.* Thus, a federal *habeas* court will uphold a guilty plea "if it is shown by the record . . . that a defendant understood the charge and its consequences when he pled guilty." *Deville,* 21 F.3d at 657 *citing Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838, 106 S.Ct. 117 (1985).

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), the United States Supreme Court found that the waiver of three constitutional rights, the right to trial by jury, the right to confront one's accusers, and the right against compulsory self-incrimination, cannot be presumed from a silent record. *Buckley v. Butler*, 825 F.2d 895, 899 (5th Cir. 1987) *citing Boykin*, 89 S.Ct. at 1712. Thus, in the context of a guilty plea, *Boykin* requires an affirmative showing on the record that the defendant has been informed of these three rights before accepting a guilty plea. *Id.*

However, contrary to petitioner's position, *Boykin* does not require a specific express articulation of these rights by the judge and waiver of these rights by the defendant at the time of acceptance of his guilty plea, so long as the record as a whole demonstrates that the plea was voluntarily and intelligently given. *Brown v. Jernigan*, 622 F.2d 914, 915 (5th Cir. 1980), *cert. denied*, 499 U.S. 958, 101 S.Ct. 368, 66 L.Ed.2d 224 (1980); *Neyland v. Blackburn*, 785 F.2d 1283, 1287 (5th Cir. 1986), *cert. denied,* 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 352 (1986); *Buckley*, 825 F.2d at 900; *McChesney v. Henderson*, 482 F.2d 1101, 1110 (5th Cir. 1973).

Thus, where it appears the accused was generally advised of his rights, the failure to make an express, specific reference to the right to a jury trial, as opposed simply to a trial, does not invalidate a guilty plea. *Neyland,* 785 F.2d at 1288; *Buckley*, 825 F.2d at 900; *United States v. Howard*, 991 F.2d 195, 199 (5th Cir. 1993) (because the record indicated that the defendant was advised of his "constitutional rights", the omission on the record of a specific statement that he was advised of his right to a jury trial was insufficient to invalidate a conviction).

In *Neyland v. Blackburn*, 785 F.2d 1283 (5th Cir. 1986), the Fifth Circuit upheld a plea remarkably similar to the plea challenged herein. In *Neyland,* the petitioner, like Guillory herein, claimed that his guilty plea was invalid because the state trial judge did not specifically inform him of his right to a jury trial, instead stating only that the petitioner had a "right to trial." *Id*. at 1285-1286 and 1288 at fn. 5. Because the record affirmatively showed that the petitioner's plea was knowing and voluntary, the court held that the plea was "not rendered constitutionally infirm by reason of the failure of the record to expressly reflect the word 'jury'". *Id*. at 1288.

Likewise, in *Richardson v. LeBlanc*, 171 F.Supp.2d 626, 635 (E.D. La. 2001), the district court noted that "[t]he Fifth Circuit has held repeatedly that a specific express articulation and waiver of the three rights mentioned in *Boykin* is *not* mandated, but it is necessary to show that the plea was voluntarily and intelligently given." *Id.* (emphasis in original). Accordingly, citing *Neyland*, that Court concluded that "where it appears the

accused was generally advised of his rights, the failure to make express, specific reference to a jury trial, as opposed to simply trial, does not invalidate a conventional plea." *Id. citing Neyland*, 785 F.2d at 1287. Thus, relying on a waiver of rights form executed by petitioner in which the word "jury" does not appear and a minute entry noting that the defendant waived his constitutional rights, which the court explained to the defendant in detail, the court found no violation of constitutional magnitude. *Id.*

This court has also previously denied federal *habeas corpus* relief on a virtually identical claim. *Hilman Laws, III v. Warden Burl Cain*, 6:03-2019 (W.D. La. 4/7/2004), at docs. 5 and 7. The petitioner in that case argued that his plea was involuntary because the state trial court failed to explicitly warn him during the plea colloquy that he was waving his right to a "trial by jury." In response to petitioner's argument that this Court's decision was contrary to *Boykin*, the Fifth Circuit denied petitioner's request for a certificate of appealability, expressly stating that petitioner was simply "wrong." *Id.* at doc. 11, *Laws v. Cain*, No. 04-30383 (5th Cir. 08/25/2004) *citing Boykin* 395 U.S. at 242-243 (unpublished).

A defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Id*. *quoting Blackledge v. Allison*, 431 U.S. 63,

13

73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977).  Moreover, any documents signed by the defendant in connection with a guilty plea are entitled to "great evidentiary weight."  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

The record is not silent in this case.  To the contrary, the record affirmatively establishes that petitioner's plea was knowing, intelligent and voluntary.  The record affirmatively establishes that petitioner was represented by counsel, and that petitioner, while under oath, indicated his satisfaction with that representation.  He further indicated, while under oath, that he read and understood the "Plea of Guilty and Waiver of Rights" form signed by him, which included his waiver of his right to trial by jury, and admitted that counsel had explained this form to him and answered his questions about the form.  Petitioner also acknowledged, while under oath, his understanding of his right to trial, his right to confront his accusers, and his privilege against self incrimination, and he indicated his understanding that those rights were waived by the entry of a guilty plea.  Petitioner also admitted that his plea was not the product of coercion or promises.  Additionally, he indicated that he understood the maximum penalty that could be imposed.

In sum, the state court's decision was not contrary to, or an unreasonable application of, federal law, nor were that the state court's factual determinations unreasonable in light of the State court record.  Accordingly, federal *habeas* relief cannot be granted.  The record before this court establishes that petitioner's plea was knowingly

14

and voluntarily entered. Although the trial judge did not expressly state that the right being waived was the right to jury trial, the plea colloquy in conjunction with the "Plea of Guilty and Waiver of Rights" form signed by petitioner in connection with the entry of his plea indicate that the right to trial to which the judge referred was indeed the right to jury trial. Petitioner's claim is patently frivolous and refuted by the record submitted by the petitioner. Thus, summary dismissal under Rule 4 is appropriate.

For these reasons;

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either**

the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana, November 12, 2014.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE:  11/12/14
BY:  cgg
TO:  RFD